UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LARRY JOE REYNOLDS II,
Plaintiff,

v.  No.

WESLEY DAVID CURRY,
Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 and the Federal Rules of Civil Procedure, Tennessee Valley Authority ("TVA") and Defendant Wesley D. Curry hereby submit for filing this Notice of Removal, and respectfully show as follows:

1. On March 19, 2025, Plaintiff filed a Complaint in Mecklenburg County Superior Court, North Carolina, naming Wesley D. Curry as a Defendant, Case No. 25CV014959590. Plaintiff's complaint seeks to recover monetary damages for alleged injuries arising from a March 22, 2022, motor vehicle accident on US64 in Cherokee County, North Carolina.

2. TVA is an executive branch corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933. 16 U.S.C. §§ 831 to 831ee. "An action against the [TVA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the [TVA] while acting within the scope of this office or employment is ex[c]lusive of any other civil action or proceeding by reason of the same subject matter against the employee … whose act or omission gave rise to the claim. 16 U.S.C. § 831c-2(a)(1).

3. As shown by the Certification of TVA attached hereto as Attachment 1, Mr. Curry was a TVA employee acting within the scope of his TVA employment at the time of the incident

that forms the basis of the claims being asserted in this action. Accordingly, this action is removable to this Court by TVA pursuant to 16 U.S.C. § 831c-2(b)(2).

4. This action also is removable to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of any civil action commenced against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof." *See City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 & n.5 (6th Cir. 2007) ("[T]he text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1)[.]"); *see also, e.g.*, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (observing that the right of removal created by 28 U.S.C. § 1442(a)(1) is "absolute").

5. This Court separately has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because a claim against a federal corporation created by an Act of Congress, such as the TVA Act, falls within the grant of federal question jurisdiction under § 1331. *See Jackson v. TVA*, 462 F. Supp. 45, 55 (M.D. Tenn. 1979), *aff'd* 595 F.2d 1120, 1121 (6th Cir. 1979); *see also Wayne v TVA*, 730 F.2d 392, 397 (5th Cir. 1984) (citing *Jackson*, 462 F. Supp. at 50).

6. This Court also has jurisdiction over this action under 28 U.S.C. § 1337 because the TVA Act represents an "Act of Congress regulating commerce." *Jackson*, 462 F. Supp. at 52, n.2, 55; *see also Ashwander*, 297 U.S. at 328-30 (holding the TVA Act to be a constitutional exercise of Congress's power under the Commerce Clause).

7. Because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, removal also is proper under 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1).

9. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of Mr. Curry's June 6, 2025, receipt of the pleading setting forth the claim upon which this action is based.

10. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Mr. Curry in this action is attached hereto as Attachment 2.

11. In accordance with 28 U.S.C. § 1446(d), and as shown by the Certificate of Filing and Service attached hereto as Attachment 3, notice of the removal of this action was effected on June 26, 2025, by (1) mailing copies of this Notice of Removal and said Certificate to all parties, thereby notifying them of the filing of this Notice of Removal and the removal of this action; and (2) by causing copies of the Notice of Removal and said Certificate to be filed with the Clerk for the Mecklenburg County Superior Court, North Carolina.

WHEREFORE, TVA gives notice that this action is removed from State court to this Court as provided by law.

Respectfully submitted,

s/*Ibrahim M. Berro*
Maria V. Gillen (TN BPR 030655)
Associate General Counsel, Litigation
Ibrahim M. Berro (TN BPR 036731)
John Pevy (TN BPR 034390)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 901.205.6886
imberro@tva.gov

Attorneys for Tennessee Valley Authority and Wesley David Curry